UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT REEDER                                CRIMINAL ACTION

VERSUS                                       NO: 07-45

UNITED STATES OF AMERICA                     SECTION: R(4)


**ORDER AND REASONS**

Before the Court is petitioner Robert Reeder's motion to appeal *in forma pauperis*. Because the petitioner did not indicate which issues he intends to pursue on appeal, the Court DENIES Reeder's motion.

**I. Background**

On May 7, 2007, Reeder pleaded guilty to a three-count superseding indictment charging him with possession with intent to distribute five or more grams of a substance containing a detectable amount of cocaine base ("crack"), and a quantity of heroin, all in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(i), and attempt to escape and escape from the custody of an officer of the United States in violation of 18 U.S.C. § 751.[1] This Court sentenced Reeder to seventy-eight months of imprisonment for

---

[1] R. Doc. 35.

those offenses.[2] On June 27, 2008, pursuant to 18 U.S.C. § 3582(c)(2), the Court reduced Reeder's sentence to sixty-three months.[3] On January 17, 2012, this Court granted Reeder's motion and further reduced his sentence to sixty months.[4] Reeder now seeks leave to appeal this Court's order reducing his sentence *in forma pauperis*.[5]

**II. Standard**

A plaintiff may proceed in an appeal *in forma pauperis* when he "submits an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also* FED. R. APP. P. 24(a). A court may dismiss the case at any time if it determines that "the allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *See Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam); *see also*

---

[2] R. Doc. 39.

[3] R. Doc. 41.

[4] R. Doc. 57.

[5] R. Doc. 61.

*Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) ("A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship."). The district court must inquire as to whether the costs of appeal would cause an undue financial hardship. *Prows*, 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch*, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

**III. Discussion**

Reeder's application to proceed *in forma pauperis* indicates that he had an average monthly balance of $267.80 for the last six months. Reeder reports that he is employed at the Federal Correctional Institution at Talladega where he is incarcerated and receives payments from the institution. He also indicates that he "receives money from his mother and stepdad sometimes when they can afford it".[6] This suggests that he is unable to

---

[6] R. Doc. 61.

3

pay the costs of appeal.

Reeder has not, however, indicated to the Court which issues he intends to pursue on appeal. A litigant who wishes to proceed *in forma pauperis* in the court of appeals is required to provide the district court with an affidavit that "states the issues that the party intends to present on appeal." FED. R. APP. P. 24(a)(1)(C); 28 U.S.C. § 1915(a)(1) (requiring affidavit to "state the nature of the . . . appeal and affiant's belief that the person is entitled to redress"). Reeder did not comply with these rules. *See, e.g., Smith v. School Bd. of Brevard County*, 2010 WL 2026071, at *1 (M.D. Fla. May 20, 2010); *United States v. One 2000 Land Rover*, No. 07-382, 2008 WL 4809440, at *2 (S.D. Ala. Oct. 24, 2008); *Wentworth v. Morgan*, 2007 WL 710167, at *1 (E.D. Ky. Mar. 7, 2007); *Carson v. AJN Holdings*, 2007 WL 843845, at *1-2 (E.D. Tenn. Mar. 19, 2007). Without a statement of the issues he intends to pursue on appeal, the Court cannot find that this appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *see also McQueen v. Evans*, 1995 WL 17797616, at *2 (5th Cir. Oct. 11, 1995) (failure to present arguments for appeal in IFP motion constitutes abandonment of those arguments).

**III. CONCLUSION**

Accordingly, the Court DENIES Reeder's motion for leave to appeal *in forma pauperis*.

New Orleans, Louisiana, this __20th__ day of March, 2012

```
            _____
                  SARAH S. VANCE
            UNITED STATES DISTRICT JUDGE
```